**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**CHRISTOPHER MORRISHAW,**

        **Petitioner,**

 **vs.**              **9:12-cv-00748
                    (MAD/DEP)**

**DAVID ROCK, Superintendent,
Upstate Correctional Facility**

        **Respondent.**
_____

**APPEARANCES:**         **OF COUNSEL:**

**CHRISTOPHER MORRISHAW**
07-A-0433
Upstate Correctional Facility
P.O. Box 2001
Malone, NY 2001
Petitioner *Pro Se*

**OFFICE OF THE NEW YORK**     **PRISCILLA I. STEWARD, AAG**
**STATE ATTORNEY GENERAL**
120 Broadway
New York, New York 10271
Attorneys for Respondent

**Mae A. D'Agostino, U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

## I. INTRODUCTION

  Christopher Morrishaw ("Petitioner"), currently incarcerated at Upstate Correctional Facility in Malone, New York, brings this action as a *pro se* litigant seeking a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. *See* Dkt. No. 1. Magistrate Judge David E. Peebles issued a Report and Recommendation, recommending that the Petitioner's writ of habeas corpus be denied and dismissed on the grounds that the issues presented were without merit. *See* Dkt. No.

21 at 24-25. Petitioner has filed his objections to the Report and Recommendations. *See* Dkt. No. 24.

## II. BACKGROUND

Petitioner was convicted of a single count of murder in the second degree, pursuant to his plea of guilty, in the New York State Supreme Court of Schenectady County ("state court"). *See* Dkt. Nos. 1, 11-1 at 13. Petitioner appealed this January 17, 2007 conviction to the New York State Appellate Division, Third Department ("Third Department"). *See People v. Morrishaw*, 56 A.D.3d 895 (3rd Dep't 2008). Petitioner argued that he did not knowingly, voluntarily, and intelligently enter a guilty plea or waive the right to appeal, among other things, but the Court, after reviewing his plea allocution, upheld his conviction. *See id.* His leave to appeal to the New York State Court of Appeals was denied. *See People v. Morrishaw*, 12 N.Y.3d 761 (2009). Petitioner also moved the state court to vacated the judgment of conviction against him pursuant to New York Criminal Procedure Law § 440.10 arguing, among other things, that he did not receive effective assistance of counsel. *See* Dkt. No. 11-8. The motion was denied on November 28, 2011. *See* Dkt. No. 11-10. The state court found that Petitioner received meaningful representation. *See id.* His application for permission to appeal that order was denied by the Third Department. *See id.* at 11-13.

In his petition for writ of habeas corpus, Petitioner raises four primary grounds for review: (1) Petitioner's plea and waiver of his right to appeal were not knowing, voluntary, or intelligent; (2) Petitioner was denied the effective assistance of trial counsel; (3) the state court erred in failing to dismiss the "twin count" indictment against defendant as defective; and (4) his signature was not properly obtained on the waiver of appeal. *See* Dkt. No. 1 at 4-5, 7-9. Pursuant to 28 U.S.C. § 636(b) and Local Rule N.D.N.Y, 72.3(c), this Court referred this matter to Magistrate

2

Judge Peebles. On August 14, 2015, Magistrate Judge Peebles issued a Report and Recommendation, recommending that the Petitioner's writ of habeas corpus be denied and dismissed on the grounds that the issues presented were without merit. *See* Dkt. No. 21 at 24-25. On September 11, 2015, Petitioner filed his objections to Magistrate Judge Peebles' Report and Recommendation. *See* Dkt. No. 24. Currently before the Court are Petitioner's objections. *See* Dkt. No. 24.

## II. DISCUSSION

### A. Standard of Review

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). However, when a party files "[g]eneral or conclusory objections or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

"[I]n a *pro se* case, the court must view the submissions by a more lenient standard than that accorded to 'formal pleadings drafted by lawyers.'" *Govan v. Campbell*, 289 F. Supp. 2d 289, 295 (N.D.N.Y. 2007) (quoting *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972)) (other citations omitted). The Second Circuit has opined that the court is obligated to "make reasonable allowances to protect *pro se* litigants" from inadvertently forfeiting legal rights merely because they lack a legal education. *Govan v. Campbell*, 289 F. Supp. 2d 289, 295

3

(N.D.N.Y. 2007) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)). "However, this does not mean that a *pro se* litigant is excused from following the procedural requirements of summary judgment. *See id.* at 295 (citing *Showers v. Eastmond*, 00 CIV. 3725, 2001 WL 527484, *1 (S.D.N.Y. May 16, 2001)).

**B.     AEDPA**

The enactment of the Antiterrorism and Effective Death Penalty Act ("AEDPA") brought about significant new limitations on the power of a federal court to grant habeas relief to a state prisoner under 28 U.S.C. § 2254. In discussing this deferential standard, the Second Circuit noted in *Rodriguez v. Miller*, 439 F.3d 68 (2d Cir. 2006), *cert. granted, judgment vacated and cases remanded on other grounds by,* 549 U.S. 1163 (2007), that

> a federal court may award habeas corpus relief with respect to a claim adjudicated on the merits in state court only if the adjudication resulted in an outcome that: (1) was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or (2) was "based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

*Id.* at 73 (quoting 28 U.S.C. § 2254(d)) (footnote omitted); *see also DeBerry v. Portuondo*, 403 F. 3d 57, 66 (2d Cir. 2005) (quotation omitted); *Miranda v. Bennett*, 322 F.3d 171, 178 (2d Cir. 2003) (quotation omitted).

In providing guidance concerning the application of this test, the Second Circuit has observed that

> a state court's decision is "contrary to" clearly established federal law if it contradicts Supreme Court precedent on the application of a legal rule, or addresses a set of facts "materially indistinguishable" from a Supreme Court decision but nevertheless comes to a different conclusion than the Court did. [*Williams v. Taylor*, 529 U.S. 362] at 405-406, 120 S. Ct. 1495 [(2000)]; *Loliscio v. Goord*, 263 F.3d 178, 184 (2d Cir. 2001). . . . [A] state court's decision is an "unreasonable

4

> application of " clearly established federal law if the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts" of the case before it. *Williams*, 529 U.S. at 413, 120 S. Ct. 1495.

*Thibodeau v. Portuondo*, 486 F.3d 61, 65 (2d Cir. 2007); *see also Williams v. Artuz*, 237 F.3d 147, 152 (2d Cir. 2001) (citing *Francis S. v. Stone*, 221 F. 3d 100, 108-09 (2d Cir. 2000)).

Significantly, a federal court engaged in habeas review is not charged with determining whether a state court's determination was merely incorrect or erroneous, but instead whether such determination was "objectively unreasonable." *Williams v. Taylor*, 529 U.S. 362, 409 (2009); *see also Sellan v. Kuhlman*, 261 F.3d 303, 315 (2d Cir. 2001) (citation omitted). Courts have interpreted "objectively unreasonable" in this context to mean that "some increment of incorrectness beyond error" is required for the habeas court to grant the application. *Earley v. Murray*, 451 F.3d 71, 74 (2d Cir. 2006) (quotation omitted).

As the Second Circuit has further instructed, the necessary predicate for a federal habeas court's deferential review is that a petitioner's federal claim has been 'adjudicated on the merits' by the state court. *Cotto v. Herbert*, 331 F.3d 217, 230 (2d Cir. 2003). "If a state court has not adjudicated the claim 'on the merits,'" the federal habeas court applies the pre-AEDPA standards, and reviews *de novo* the state court disposition of the petitioner's federal claims. *Id.* (quoting *Aparicio v. Artuz,* 269 F.3d 78, 93 (2d Cir. 2001)). "[A] state court 'adjudicates' a petitioner's federal constitutional claims 'on the merits' when it (1) disposes of the claim 'on the merits,' and (2) reduces its disposition to judgment.'" *Norde v. Keane,* 294 F.3d 401, 410 (2d Cir. 2002) (quoting *Sellan v. Kuhlman,* 261 F.3d 303, 312 (2d Cir. 2001)). To determine whether a state court has disposed of a claim on the merits, a court will consider: "(1) what the state courts have done in similar cases; (2) whether the history of the case suggests that the state court was aware

of any ground for not adjudicating the case on the merits; and (3) whether the state court's opinion suggests reliance upon procedural grounds rather than a determination on the merits." *Aparicio,* 269 F.3d at 93 (quoting *Sellan,* 261 F.3d at 314).

**C.     Exhaustion**

A petitioner in custody pursuant to a judgment of a state court is entitled to federal habeas relief only if he has exhausted all available state-court remedies. *See* 28 U.S.C. § 2254(b)-(c). A claim has been exhausted if it was fairly presented in the state courts, thereby giving the state the "opportunity to pass upon and correct" alleged violations of federal rights. *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275, 92 S. Ct. 509 (1971)). A petitioner need not have cited "book and verse on the federal Constitution" in his claim in state court for the claim to have been exhausted. *Picard*, 404 U.S. at 278 (quotation omitted). Rather, a petitioner may have fairly presented his claim to the state courts through

> (a) reliance on pertinent federal cases employing constitutional analysis, (b) reliance on state cases employing constitutional analysis in like fact situations, (c) assertion of the claim in terms so particular as to call to mind a specific right protected by the Constitution, and (d) allegations of a pattern of facts that is well within the mainstream of constitutional litigation.

*Daye v. Attorney Gen. of the State of N.Y.*, 696 F.2d 186, 194 (2d Cir. 1982).

As the Second Circuit has held, "to invoke 'one complete round of the State's established appellate review process', a criminal defendant must first appeal his or her conviction to the Appellate Division, and then must seek further review of that conviction by applying to the Court of Appeals for a certificate granting leave to appeal." *Smith v. Duncan*, 411 F.3d 340, 345 (2d Cir. 2005) (quoting *Galdamez v. Keane*, 394 F.3d 68, 74 (2d Cir. 2005)) (internal citation omitted). Applicants for leave to appeal must submit legal briefs and other documents to the New York State Court of Appeals, identifying the issues upon which the application is based, and must

focus upon identifying problems of reviewability and preservation of error. *See id.* (quotations omitted).

### III. ANALYSIS

**A.     Report and Recommendation**

First, Magistrate Judge Peebles addressed Petitioner's contention that the "twin count" indictment was defective. *See* Dkt. No. 21 at 8. He found that Petitioner did not preserve or properly present this issue in the first instance to the state courts, and, therefore, Petitioner did not exhaust the available state remedies on this issue. *See* Dkt. No. 21 at 8. The Report and Recommendation sets forth that the federal courts may not engaged in habeas review of Petitioner's defective indictment issue unless he demonstrates (1) good cause for, and actual prejudice resulting from, the procedural default or (2) that he was actually innocent. *See id.* at 11. Magistrate Judge Peebles analyzed Petitioner's contention under this standard and found that Petitioner has not offered any good cause for his procedural default on the defective indictment issue and Petitioner does not argue that he was actually innocent.

Magistrate Judge Peebles also concluded that Petitioner also failed to set forth facts demonstrating that the denial of habeas relief on this ground would leave unremedied a fundamental miscarriage of justice. *See id.* In the event that Magistrate Judge Peebles were to reach the merits of this issue, he found that Petitioner's guilty plea was knowing, voluntary, and intelligent. *See id.* Petitioner was thereby precluded from raising any independent claim of constitutional violations that occurred prior to the entry of the guilty plea. *See id.* at 12.

Next, Magistrate Judge Peebles reviewed that the standard governing the acceptance of guilty pleas requires that a valid guilty plea is made voluntarily, knowingly, and intelligently, with sufficient awareness of the relevant circumstances and likely consequences. *See id.* at 15.

7

Magistrate Judge Peebles set forth the four factors used to determine whether a guilty plea was knowing, intelligent, and voluntary, before he determined that the evidence fully supported the Third Department's finding that Petitioner's guilty plea was valid. *See id.* at 15-16. Magistrate Judge Peebles found that Petitioner "(1) was fully advised of his rights, (2) denied being threatened or coerced into pleading guilty, (3) indicated that he had thoroughly discussed the case and his plea with counsel, and (4) was satisfied with his attorney's representation." *Id.* at 16. Based upon the record, Magistrate Judge Peebles recommended that the Third Department's conclusion was neither contrary to, nor an unreasonable application of, clearly established Supreme Court precedent. *See id.*

With regard to Petitioner's contention that the waiver of appeal was not valid because he did not sign his full name, Magistrate Judge Peebles stated that there is no constitutional requirement that a waiver of appeal be provided in writing where the Petitioner relinquished the right voluntarily, intelligently, and knowingly. *See id.* a 17. In his Report and Recommendation, Magistrate Judge Peebles reviewed the transcript of Petitioner's discussion with the court about the waiver of his right to appeal and, after careful review, determined that the waiver was valid. *See id.* Accordingly, this contention is not cognizable on federal habeas review. *See id.*

Magistrate Judge Peebles set out Petitioner's arguments, which included ineffective assistance of counsel because Petitioner's attorney failed to explore his psychological issues and counseled him to accept the plea bargain. *See id.* at 19. This issue was addressed and review by the state court in Plaintiff's motion to vacate brought under New York Criminal Procedure Law § 440.10. *See* Dkt. No. 11-12. In addressing this contention, Magistrate Judge Peebles correctly stated the standard governing the ineffective assistance of counsel claims, *see* Dkt. No. 21 at 19, and, applying the standard, Magistrate Judge Peebles reviewed the Petitioner's motion to vacate

8

under New York Criminal Procedure Law § 440.10. *See* Dkt. Nos. 11-8, 11-9, 11-10. He noted that Petitioner's counsel made appropriate pretrial motions and negotiated a favorable plea bargain. The state court concluded that Petitioner's representation by counsel in totality afforded him effective assistance of counsel. *See* Dkt. No. 11-10. Magistrate Judge Peebles then examined this conclusion to determine whether it was either contrary to, or an unreasonable application of, clearly established Supreme Court precedent. *See id.* Magistrate Judge Peebles found that the plea bargain offered was not unreasonable in view of the strength of the evidence against Petitioner and the sentence if convicted at trial. *See id.* After his review of the entire record and, in particular, the transcript of the plea allocution, which described that Petitioner's counsel took actions concerning Petitioner's potential mental health issues. *See id.* Magistrate Judge Peebles concluded that Petitioner's counsel explored these mental health issues prior to the plea hearing and during the course of the plea allocution. *See id.*

Finally, Magistrate Judge Peebles recommends that a certificate of appealability should not be issued in this case because Petitioner has not made a substantial showing of the denial of a constitutional right. *See id.* at 24.

**F.    Petitioner's Objections**

In his objections, Petitioner argues that his plea of guilty was not made knowingly or intelligently. *See id.* Petitioner also argues that he had ineffective assistance of counsel because his appointed counsel did not conduct an investigation and his counsel did not make an effort to know that Plaintiff was receiving "mental health" treatment while in the county jail. *See id.* Initially, it should be noted that Petitioner did not raise any objections to the Report and Recommendations findings that relate to his claim that the indictment was defective or his claim that he did not sign the waive of appeal with his full name. The Court, having reviewed

9

Magistrate Judge Peebles' Report and Recommendation together with the record, finds that there is no clear error with regard to these two issues.

The Court finds that Magistrate Judge Peebles stated correctly that any defect in the indictment was not properly presented to the state court and, therefore, Plaintiff did not exhaust the available state remedies on this issue.  Further, the Court finds that the record supports Magistrate Judge Peebles finding that Petitioner has not established good cause for this procedural default, and Petitioner has not presented any evidence in the record that he is actually innocent.  Accordingly, the Court adopts Magistrate Judge Peebles recommendation that the Court may not engage in a habeas review of this issue.  Further, the Court finds that there is no clear error in Magistrate Judge Peebles' analysis of the waiver of appeal issue presented by Petitioner.  The Court agrees and adopts Magistrate Judge Peebles' recommendation that Petitioner knowingly, voluntarily, and intelligently agreed to waive his right to appeal as a part of his plea allocation, and it is of no constitutional moment whether Petitioner signed his full name on the written waiver of appeal.

Addressing the objections filed, the Court finds that Petitioner has made general objections to the Report and Recommendation, merely rearguing the same contentions that he made to Magistrate Judge Peebles.  Accordingly, the Court has also reviewed those portions of the Report and Recommendation for clear error.  Upon review of the appellate record, *see* Dkt. Nos. 11-1, 11-2, 11-3, 11-4, the Court finds that the evidence fully supported the Third Department's opinion and order that Petitioner's guilty plea to murder in the second degree and the waiver of appeal was knowing, intelligent, and voluntary. *See People v. Morrishaw*, 56 A.D.3d 895.

The Court has also reviewed Petitioner's motion to vacate under New York Criminal Procedure Law § 440.10, *see* Dkt. Nos. 11-8, 11-9, and finds that the state court decision should also be upheld. To show ineffective assistance of counsel,

> the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Wash.*, 466 U.S. 668, 687 (1984). The attorney's conduct must fall "outside the wide range of professionally competent assistance." *Id.* at 690. Here, the evidence submitted on Petitioner's motion demonstrates that his counsel met the *Strickland* standard and Petitioner received effective assistance of counsel.

## IV. CONCLUSION

After carefully considering Magistrate Judge Peebles' Report and Recommendation, Petitioner's objections thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Peebles' Report and Recommendation is **ADOPTED** in its entirety; and the Court further

**ORDERS** that Petitioner's petition for a writ of habeas corpus is **DENIED** and **DISMISSED**; and the Court further

**ORDERS** that no Certificate of Appealability shall be issued with respect to any of Petitioner's claims; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Memorandum-Decision and Order on all parties in accordance with the Local Rules; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Respondent's favor and close this case.

**IT IS SO ORDERED.**

Dated: September 30, 2015
      Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge